VIA EMAIL

April 20, 2026

Paul Ziriax
Chief State Election Official for the State of Oklahoma
2300 N. Lincoln Blvd, Room G28
State Capitol Building
Oklahoma City, OK 73105
Email: info@elections.ok.gov

**RE: Notice of Violation of National Voter Registration Act**

Dear Mr. Ziriax:

My organization—a Virginia-based, 501(c)(3) organization—would like to receive, purchase, or inspect an electronic copy of the Oklahoma statewide voter registration list (the "registration list"). However, Oklahoma law restricts access to the registration list to "a. bona fide residents of this state who are citizens of the United States, b. official representatives of political parties recognized by the laws of this state, c. candidates for office in this state and their official representatives, or d. other persons authorized by state law." 26 O.S. § 7-103.2(B)(1)(a)-(d) (OSCN 2026).

My organization is not a resident of Oklahoma, a representative of a political party, or a candidate for office. Oklahoma law therefore prohibits my organization from receiving the registration list.

Oklahoma law conflicts with federal law. The National Voter Registration Act of 1993 ("NVRA") requires election officials to "make available for public inspection and, where available, photocopying at a reasonable cost, all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters." 52 U.S.C. § 20507(i). The registration list falls within the NVRA's scope and it is therefore a *public* record.

Oklahoma law, to the extent it prohibits disclosure of the requested records to the "public," is superseded and preempted by the NVRA. *Arizona v. Inter Tribal Council of Arizona*, 570 U.S. 1, 14-15 (2013); *see also Pub. Int. Legal Found., Inc. v. Bellows*, 92 F.4th 36, 54 (1st Cir. 2024).

This letter serves to notify you that **the State Election Board is in violation of the National Voter Registration Act** for restricting inspection and duplication of public records to preferred classifications of individuals. The disclosure limitations also discriminate against non-political persons and entities in violation of the Equal Protection clause of the Fourteenth Amendment and burdens our ability to exercise our First Amendment rights.

Congress enacted the NVRA, in part, "to protect the integrity of the electoral process" and "to ensure that accurate and current voter registration rolls are maintained." 52 U.S.C. 20501(b)(3)-(4). This public disclosure provision "convey[s] Congress's intention that the public should be monitoring the state of the voter rolls and the adequacy of election officials' list maintenance programs." *Bellitto v. Snipes*, No. 16-cv-61474, 2018 U.S. Dist. LEXIS 103617, at **12-13 (S.D. Fla. Mar. 30, 2018); *Project Vote/Voting for Am., Inc. v. Long*, 682 F.3d 331, 339 (4th Cir. 2012) ("It is self-evident that disclosure will assist the identification of both error and fraud in the preparation and maintenance of voter rolls.").

By restricting access to a preferred list of recipients, Oklahoma law is an obstacle to Congress's objectives.

This letter is also a request to receive the full access granted to residents and political persons. We cannot currently complete the request form because it requires us to attest to being an eligible recipient under state law. We are, however, happy to submit any documentation required to complete the request, so long as it complies with federal law.

It is our hope that you will work quickly to cure the violation and provide for disclosure of the records. If not, according to federal law, a lawsuit under the NVRA may be filed within 20 days of your receipt of this notice. 52 U.S.C. § 20510(b). For lawsuits initiated by a private party, an award of attorney's fees, expenses, and costs incurred are available under 52 U.S.C. § 20510(c).

Sincerely,

Noel H. Johnson
Litigation Counsel
Public Interest Legal Foundation
njohnson@publicinterestlegal.org